CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

**CV11-4101**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

AUG 24 2011

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YANERDA BRITO, LUZ MARIA DOMINGUEZ, and
SANDRA LILIANA JOSE, on behalf of themselves and
others similarly situated,

                     Plaintiffs,

   -against-

RANCHO JUBILEE RESTAURANT, INC., d/b/a GRAN
RANCHO JUBILEE, RANCHO JUBILEE LLC d/b/a
GRAN RANCHO JUBILEE, DOMINGO TAVAREZ,
CARLOS TAVAREZ, AMAURI TAVAREZ, NOEL
DOMINGUEZ, and JOHN DOES 1-10,

                     Defendants.
-----------------------------------------------------------------x

SUMMONS ISSUED
Case No.

COMPLAINT
**GERSHON, J**

**Jury Trial Demanded**

**CARTER, M.J.**

Plaintiffs, YANERDA BRITO, LUZ MARIA DOMINGUEZ, and SANDRA LILIANA JOSE, (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, RANCHO JUBILEE RESTAURANT, INC. d/b/a GRAN RANCHO JUBILEE, RANCHO JUBILEE LLC d/b/a GRAN RANCHO JUBILEE (the corporate defendants collectively referred to as "RANCHO JUBILEE"), DOMINGO TAVAREZ, CARLOS TAVAREZ, AMAURI TAVAREZ, NOEL

DOMINGUEZ, and JOHN DOES 1-10 (corporate and individual defendants collectively referred to as "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) liquidated damages, (3) prejudgment and post-judgment interest, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest; and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, YANERDA BRITO, is a resident of New York County, New York.

6. Plaintiffs, LUZ MARIA DOMINGUEZ and SANDRA LILIANA JOSE, are each residents of Queens County, New York.

7. Upon information and belief, Defendant, RANCHO JUBILEE RESTAURANT, INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 2304 94th Street, East Elmhurst, New York 11369.

8. Upon information and belief, Defendant, RANCHO JUBILEE LLC, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 2304 94th Street, East Elmhurst, New York 11369.

9. Upon information and belief, Defendants, DOMINGO TAVAREZ, CARLOS TAVAREZ, and AMAURI TAVAREZ, are owners, officers, directors and/or managing agents of RANCHO JUBILEE, whose addresses are unknown at this time and who participated in the day-to-day operations of RANCHO JUBILEE and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with RANCHO JUBILEE.

10. Upon information and belief, Defendant, NOEL DOMINGUEZ, is a managing agent of RANCHO JUBILEE, and has been one of Plaintiffs' supervisors at all times relevant to this action, whose address is unknown at this time and who participated in the day-to-day operations of RANCHO JUBILEE and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law

§ 2 and the Regulations thereunder, and is jointly and severally liable with RANCHO JUBILEE.

11. Defendants, John Does 1-10, are individual owners, officers, directors and/or managing agents of RANCHO JUBILEE who may have personal liability for unpaid wages under the FLSA and New York Labor Law for having acted directly or indirectly in the interest of the employer and whose true names and identities are unknown at this time. Plaintiffs will seek to amend the Complaint to allege the true names of these individuals when they become known.

12. Defendant, John Doe, known as "Oscar," is an owner and/or supervisor of RANCHO JUBILEE.

13. Plaintiff, YANERDA BRITO, was employed by Defendants in Queens County, New York, from in or about October 2007 until on or about June 25, 2011.

14. Plaintiff, LUZ MARIA DOMINGUEZ, was employed by Defendants in Queens County, New York, from in or about August 2007 until on or about June 25, 2011.

15. Plaintiff, SANDRA LILIANA JOSE, was employed by Defendants in Queens County, New York, from in or about February 2003 until on or about June 25, 2011.

16. At all relevant times, RANCHO JUBILEE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by RANCHO JUBILEE.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

19. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20. In or about October 2007, Plaintiff, YANERDA BRITO, was hired by Defendants to work as a non-exempt waitress for Defendants' restaurant/bar known as "Gran Rancho Jubilee."

21. Plaintiff, YANERDA BRITO, worked for the Defendants in such capacity until on or about June 25, 2011.

22. During Plaintiff YANERDA BRITO'S employment by Defendants, she typically worked three (3) days per week, and her work shift consisted of six (6) hours per day, from 10:00 p.m. until 4:00 a.m., on Thursday, Friday, and Saturday.

23. Plaintiff, YANERDA BRITO, was not paid her lawfully earned minimum wages. Throughout the duration of Plaintiff's employment, Plaintiff was not paid any wages by the Defendants, but instead was only paid through tips received by customers on a nightly basis.

24. In or about August 2007, Plaintiff, LUZ MARIA DOMINGUEZ, was hired by Defendants to work as a non-exempt waitress for Defendants' restaurant/bar known as "Gran Rancho Jubilee."

25. Plaintiff, LUZ MARIA DOMINGUEZ, worked for the Defendants in such capacity until on or about June 25, 2011.

26. During Plaintiff LUZ MARIA DOMINGUEZ'S employment by Defendants, she typically worked four (4) days per week, and her work shift consisted of six (6) hours per day, from 10:00 p.m. until 4:00 a.m., on Thursday, Friday, Saturday, and Sunday.

27. Plaintiff, LUZ MARIA DOMINGUEZ, was not paid her lawfully earned minimum wages. Throughout the duration of Plaintiff's employment, Plaintiff was not paid any wages by the Defendants, but instead was only paid through tips received by customers on a nightly basis.

28. In or about February 2003, Plaintiff, SANDRA LILIANA JOSE, was hired by Defendants to work as a non-exempt waitress for Defendants' restaurant/bar known as "Gran Rancho Jubilee."

29. Plaintiff, SANDRA LILIANA JOSE, worked for the Defendants in such capacity until on or about June 25, 2011.

30. During Plaintiff SANDRA LILIANA JOSE'S employment by Defendants, she typically worked four (4) days per week, and her work shift consisted of six (6) hours per day, from 10:00 p.m. until 4:00 a.m., on Thursday, Friday, Saturday, and Sunday.

31. From the beginning of her employment through approximately June 2007, Plaintiff SANDRA LILIANA JOSE, was not paid her lawfully earned minimum wages. During this period, Plaintiff was paid, by cash, in the amount of $30 per day ($120 per week), and worked approximately twenty-four (24) hours per week.

32. Beginning in or about July 2007 and continuing for the remainder of Plaintiff's employment on or about June 25, 2011, Plaintiff, SANDRA LILIANA JOSE, was not paid her lawfully earned minimum wages. During this period, Plaintiff was not

paid any wages by the Defendants, but instead was only paid through tips received by customers on a nightly basis.

33. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

34. Defendants, DOMINGO TAVAREZ, CARLOS TAVAREZ, AMAURI TAVAREZ, and JOHN DOE known as "Oscar," are individuals who own the stock of RANCHO JUBILEE, own RANCHO JUBILEEC, and manage and make all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

35. Defendant, NOEL DOMINGUEZ is a manager of RANCHO JUBILEE, and manages and makes critical business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

36. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

37. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of

goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

41. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

43. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs with their lawful minimum wages for hours worked when they knew or should have known such was due.

45. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

46. Alternatively, records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

50. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

51. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

54. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid minimum wages, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiffs also seek liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiffs, YANERDA BRITO, LUZ MARIA DOMINGUEZ, and SANDRA LILIANA JOSE, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(d) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(g) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
August 24, 2011

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
jcilenti@jcpclaw.com

By: _____
Justin Cilenti (GC2321)